IN THE MATTER OF THE PETITION OF THE LONG ISLAND RAILROAD COMPANY.

Although the twenty-second section of the general railroad act does not, in terms, declare that the commissioners, appointed in pursuance of it, shall have jurisdiction of the entire subject of the location of the route through the county in which the land of the person applying for their appointment is situated, still, that is the true intent and construction of the act.

The appointment of commissioners can only be legally made after all notices required by law have been duly served, and the fifteen days have expired, within which the persons aggrieved may apply for such appointment.

The commissioners first duly appointed have exclusive jurisdiction to examine and determine in respect to all objections to the proposed location; and that determination is final upon all questions relating thereto.

(Argued April 4th, and decided April 18th, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the second department, affirming an order made in July, 1870, at Special Term, which vacated and set aside an order made by BARNARD, J.

The Hunter's Point and South Side Railroad Company was organized under the general railroad act, and duly filed a map, etc. This company gave written notice of location of their route to one Furman, an actual occupant of land over which the location was made. On the petition of Furman, commission-

ers to examine the route were appointed, and duly made and filed their determination as to the route, according to law. Afterward, notice of such location was given to the Long Island Railroad Company, on petition of which company, Barnard, J., made an order appointing new commissioners to examine such route. Upon an affidavit of one Cullen, reciting the proceedings of the Furman commission, and, upon such proceedings, the Supreme Court, at a Special Term, vacated and set aside the order made by Barnard, J. From this order an appeal was taken to the General Term, and the order there affirmed; from such determination, an appeal is now taken to this court.

*A. J. Vanderpoel*, for the appellants.

*Edgar M. Cullen*, for the respondent.

Andrews, J.  Upon filing articles of association, in conformity with the provisions of the general railroad act, a corporation is created, with power to construct a railroad between the places and through the counties designated therein. But the particular route of the proposed road is not left to the discretion of the corporation. It is to be determined by the proceedings and in the manner prescribed in the twenty-second section of the act.

The location of the route is, in its nature, a proceeding preliminary to the acquisition of land therefor by appraisal and condemnation; and the statute regulations must be complied with before the route can be located.

The filing of the profile and map, required by that section, is not the location of the route, but the proposal of one, which may or may not become the actual route, as shall be determined by the subsequent proceedings.

It is obvious, from the examination of the twenty-second section, that the leading objects of that section were, first, to give to each occupant of land through which the proposed route passes an opportunity to object to the intended loca-

tion, and to be heard in respect to such objection; and, second, to constitute a special tribunal to determine and fix the location, after hearing and considering the objections which may be made.

The company are required to give written notice of the route designated upon the map and profile filed, to all occupants of the land to be affected; and any party feeling aggrieved by the proposed location is authorized, upon petition setting forth his objections, to apply, within fifteen days after service of such notice, to a justice of the Supreme Court out of court, for the appointment of commissioners to examine the proposed route and hear the parties.

The statute does not, in terms, declare that the commissioners, appointed in pursuance of it, shall have jurisdiction of the entire subject of the location of the route through the county in which the land of the person applying for the appointment is situated; but this is, we think, the true intent and construction of the act.

The map and profile of the proposed route, through each county, is to be filed in the clerk's office of such county; the commissioners are to examine the proposed route; and they are authorized to affirm or alter it, as may be consistent with the "just rights of all the parties and the public," and their determination, duly certified, is to be filed in the office of the county clerk.

It is true that the appointment of commissioners may be made upon the application of a single person aggrieved; but a construction, which would confine their jurisdiction to an inquiry as to the proposed route over the land of the applicant, would be impracticable and defeat the intent of the act. It would allow new commissioners to be appointed upon the application of any other party aggrieved, and each set of commissioners could indirectly nullify the action of those preceding them.

The statute contemplates that the commissioners first duly appointed shall have exclusive jurisdiction to examine and determine in respect to all objections to the proposed location,

and their determination is final upon all questions relating thereto.

The appointment of, and proceedings by the commissioners are, however, to be regulated so as to give effect to the provision which secures to each party interested an opportunity to be heard before his rights are adjudicated.

If commissioners appointed upon the application of one party could act before notice of the proposed location had been given to others whose lands are included within it, their right to be heard might be foreclosed, and they deprived of the benefit which the statute intended to secure to them. Such a construction, overruling the plain intention of the act, cannot be admitted.

Effect can be given to all its provisions, upon the construction of which we think the section is capable, viz., that the appointment of commissioners can only be made after all notices required by law have been served, and the fifteen days have expired within which the persons aggrieved may apply for such appointment.

Each person entitled to notice, if he objects to the proposed route and desires to be heard, must, by the express terms of the section, apply for the appointment of commissioners within the prescribed period; but the officer to whom the application is made cannot act upon the application and appoint commissioners, unless all persons entitled to notice have been served. In the meantime, the rights of the applicant are preserved, and the location of the road remains in abeyance.

These considerations dispose of this case.   The proceedings instituted by Furman were commenced and concluded before any notice under the twenty-second section was served on the appellant.

The appointment of commissioners upon Furman's application was premature and unauthorized, and the subsequent proceedings were void.

These proceedings were no impediment to the application of the appellant; and the court erred in setting aside the order appointing commissioners upon it.

It does not appear affirmatively, by the petition or order in the proceedings on the part of the appellant, that all persons entitled to notice had been served, when that order was made.

In the absence of evidence to the contrary, and in view of the peculiar language of the statute, this fact will be presumed in favor of the jurisdiction of the officer making the order.

The order of the General Term was appealable, within the decisions of this court. (*People* v. *Boardman*, 4 Keyes, 59; *In re Rens. & Sar. R. R. Co.*, 43 N. Y., 137.)

The order appealed from should be reversed, with costs.

Ch. Judge and Grover and Rapallo, JJ., concur.

Allen, J., concurs in the result, on the ground that Supreme Court had no jurisdiction to set aside the order of Judge Barnard, appointing commissioners under the statute, on motion. 2d. The petitioners were entitled to the appointment of commissioners, upon making application within fifteen days after the notice of the location and route of the road, and were not concluded by the action of commissioners before those appointed upon the application of other land owners; and expresses no opinion as to the other matters considered in the opinion.

Peckham, J., concurs in the result, on the ground that Supreme Court had no jurisdiction in the premises.

Folger, J., concurs in the result.

Order reversed.