Leonard, J.
The petitioners apply under the general railroad act for the appointment of commissioners to appraise the compensation to be made for certain real estate proposed to be taken by them. They set forth in their petition, among other things, that the real estate described therein is required for the purpose of constructing or operating the road, and that they have not been able to acquire title to it by reason of their being unable to agree with the owners upon the amount of compensation.
*318 In opposition, the defendant Norton, the owner of the land, shows by the affidavits of two persons who are actual occupants of a portion of the said land, and by his own affidavit, that no written notice of the time and place when and where the map and profile of the road was filed has been given to said owner or to said occupants.
The. affidavit of said Norton also sets forth certain proceedings for a change of route, to which it is not necessary to refer at any length, in the view which I take of the case.
In the case of Rensselear & Saratoga R. R. Co. v. Davis (43 N. Y., 137), the court of appeals held that the legislature had not delegated to the railroad company the power to determine the necessity of the appropriation of private property for corporate purposes ; that it has constituted the court a tribunal to hear and determine in the premises ; that, the matter was one of judicial cognizance; and that in respect to it the court exercised a judicial and not a ministerial function. This decision was made on a case arising under ch. 327 of the Laws of 1869, which extends the right of taking property to cases other than those mentioned in the general act. But the proceedings are the same as in other cases, and the decision- of the court is based on the language of the general act.
It follows then from that decision, as well as from the plain language of the general railroad act, that the determination of the board of directors of a 'company is not conclusive as to the necessity of an appropriation of land under the right of eminent domain ; but that the court is to hear proofs and is to decide whether it is necessary for the company to appropriate the land described.
In the present case the petition states that the land is required for the purpose of constructing or operating the . road, and it is plain that this land is for the roadway.
*319 Wlietner this land is necessary depends on the decision of the question whether or not the route of the railroad is to be on this land.
Now the statute provides very clearly and plainly for the establishing of the route of a railroad. It does not give- an absolute authority to the company to designate its route. The company is to make a map and profile of the route “ intended to be adopted,” and are to file the map and profile in the county clerk’s office. They are then to give written notice to all actual occupants of the time and place of filing, and that the route designated passes over the land of such occupant.
Within fifteen days after receiving such notice any . owner or occupant may give ten days’ notice and apply to a justice of the supreme court for commissioners to examine the route".
These commissioners are either to affirm the route originally designated, or to adopt the proposed alteration. And on appeal from the decision of the commissioners, the general term may either affirm the route proposed by the company, or adopt that proposed by the petitioner {Laws of 1871, ch. 560). Thus it appeared that, as is said by the court of appeals in matter of the Long Island Railroad Co. (45 N. Y., 364): “ The location of the route is in its nature a proceeding preliminary to the acquisition of land therefor, by appraisal and condemnation, and the statute regulations must be complied with before the route can be located. The filing of the profile and map required by that section, is not the location of the route, but the proposal of one which may or may not become the actual route as shall be determined by the subsequent proceedings.”
This appears to be conclusive against the present application. No notice has been given to the actual occupants. It will be, at, the least, fifteen days after such notice before it can be known whether the land *320 described will become the actual route; At present, there is no more right to appropriate this piece of land described in the petition, than there is to appropriate any other piece of land in the county.
All that can be said is, that if the route should finally be established over this land, then it will be needed ; if elsewhere, it will not. Meantime, it is impossible to say that the land is required for the construction of the road.
Motion denied, with ten dollars costs.