THE PEOPLE ex rel. THE NIAGARA BRIDGE AND CANANDAIGUA RAILROAD COMPANY, Appellant, v. THE LOCKPORT AND BUFFALO RAILROAD COMPANY AND OTHERS, RESPONDENTS.

*Application for change of railroad route — chap.* 140 *of* 1850, *and chap.* 560 *of* 1871 — *the notice — must be personally served.*

The notice required by the statute (§ 22 of chap. 140 of 1850, as amended by chap. 560 of 1871) to be given on an application for a change of the proposed route of a railroad company, must be personally served.

*Quære*, whether, in a case where personal service is impracticable, the court would have power, under the seventh subdivision of section 14, to direct service to be made in some other mode.

APPEAL from an order of the Erie Special Term held by Mr. Justice BARKER, and from the judgment entered thereon, dismissing

212 PEOPLE EX REL. N. B. & C. R. R. CO. *v.* L. & B. R. R. CO.

FOURTH DEPARTMENT, JANUARY TERM, 1878.

a writ of *certiorari* directed to Mr. Justice DANIELS to remove certain proceedings instituted before him, for the appointment of commissioners to change the proposed route of the Lockport and Buffalo Railway Company.

The proceedings for a change of route were commenced by the relator and appellant, under section 22 of the general railroad act (L. 1850, ch. 140, as amended in 1871, L. 1871, ch. 560), and were dismissed by Justice DANIELS on the ground that the service of notice on the contestants, Payne and Western Brothers, whose property would be affected by the proposed change of route, was not sufficient to give jurisdiction.

*A. P. Laning*, for the relator and appellant.

*E. C. Sprague*, for the respondents.

SMITH, J.:

The statute requires that the notice to be given of an application for a change of the proposed route of a railroad company, organized under its provisions, shall be a ten days' notice, in writing, and that it shall be given to the company and to the owners or occupants of lands to be affected by the proposed alteration. (L. 1850, ch. 140, § 22, amended by L. 1871, ch. 560.) The statute is silent as to the mode of service of such notice. The provisions of section 14 of the act of 1850, respecting the service of a petition by the company, with notice of the time and place when it will be presented to the court for the purpose of acquiring land covered by its proposed route, have no application. It follows that the service intended by the statute is a *personal* service, none other being specified or indicated. (*Rathbun* v. *Acker*, 18 Barb., 393 ; *McDermott* v. *Board of Police*, 25 id., 635, 646.) It is possible that in a case where personal service is impracticable, the court, on such fact being shown, would have power, under the seventh subdivision of section 14, to direct service to be made in some other mode, but, without deciding that point, it is enough to say that no such direction was made in this case.

It appeared affirmatively, before Justice DANIELS, that due personal service was not made on Payne, or on Western Brothers. In

Payne's case the notice was left with his wife, at his dwelling-house, he being absent from home, but within the State and in an adjoining county, and the notice did not come to his hands till within the ten days. "Western Brothers" are a firm, composed of Abijah Western, William W. Western and Orrin Western, each of whom resides in this State. Of the lands laid down on the map of the relator as owned by them, a part was owned by Abijah Western and Alanson I. Fox, who lives in this State; another part by the heirs of A. H. Ames, and the remainder by the firm of Western Brothers. The entire parcel was leased to James D West-ern and Abijah Western. James D. Western lived in Tonawanda, and was in the actual occupancy of the premises. Abijah Western had an agent, Hector M. Stocum, who also occupied the premises as such agent. Stocum was the only person served with notice. As Stocum occupied as an agent, and not in his own right, it is at least doubtful whether the service on him affected even his principal; but however that may be, James D. Western, who occupied with him, was equally entitled to notice, and, as he had none, the service, for that reason, was clearly insufficient.

The service of notice on all the parties entitled to notice was a prerequisite to the appointment of commissioners. (*In re Long Island R. R. Co.*, 45 N. Y., 364; *In re Norton* v. *The Walkill Valley R. R. Co.*, 63 Barb., 77, 81.) The proceeding was, therefore, properly dismissed for want of jurisdiction.

Order and judgment affirmed, with one bill of costs and disbursements to the respondents.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.