IN THE MATTER OF THE APPLICATION OF THE NIAGARA FALLS AND WHIRLPOOL RAILWAY COMPANY TO ACQUIRE CERTAIN REAL ESTATE OF THE DEVEAUX COLLEGE FOR ORPHAN AND DESTITUTE CHILDREN AND OTHERS.

*Location of the route of a railroad—no location is secured until the notice required by section 22 of the general act has been given to all of the occupants over whose lands the proposed road passes.*

Upon the hearing of an application made by the petitioner for the appointment of commissioners to ascertain and appraise the damages to be awarded to the owners of land to be taken for railroad purposes, it appeared that at the time the petition was filed and served the company had not given the written notice, required by section 22 of the general railroad act, to all actual occupants of the land over which the proposed route of the road was located and which had not been purchased by or given to the company, of the time and place where the map and profile were filed, and that the route designated passed over the land of an occupant to whom such notice had not been given. The only land owner who appeared to oppose the motion was the Deveaux college which had been served with the requisite notice more than fifteen days prior to the institution of these proceedings.

*Held,* that until the notice required by the act was given *to all* the occupants of the land over which the proposed route passed, which had not been purchased by or given to the company, it had not "located" its road within the sense and meaning of that word as used in the act, and that the omission to observe the requirements of the statute was fatal to the jurisdiction of the court in which the proceedings were instituted.

*Matter of the N. Y. & B. R. R. Co.,* 12 Abb., [N. S.] 21; *S. C.* 62 Barb., 85), followed.

APPEAL by both parties from an order made at the Erie Special Term denying to the petitioner the right to condemn certain lands, and appointing commissioners to appraise the value of certain other lands in proceedings instituted to condemn lands for the use of the petitioner.

The lands mentioned in the petition are described as being in two separate parcels. The Deveaux College is a corporation authorized and empowered by its charter to hold real estate for the limited uses and purposes mentioned therein. It is set forth in the petition "that the petitioner has surveyed the line or route of its proposed road and made a map or survey thereof, by which said route or line is designated, and that it has located its said road according to such

survey and has filed a certificate of such location, signed by a majority of the directors of the company, in the clerk's office of the county of Niagara, that being the county through and in which the said road is to be constructed." The Deveaux College appeared and answered and denied the foregoing allegation and alleged " that the petitioner had not given written notice to all actual occupants of the land over which the route of the proposed road is designated by the survey and certificate of location in said petition, stated to have been made and filed in the Niagara county clerk's office * * * and that the route designated thereby passes over the lands of such occupants, all of which is required to be done before the location of the route of said proposed road is effected ; that such written notice was not given to the respondent fifteen days before the commencement of these proceedings by service of the petition and notice herein." ` The questions put in issue by the respondent's answer were tried at the Erie Special Term. Commissioners were appointed to appraise one parcel of land described in the petition and refused as to the other. Both parties appealed from the order.

*Sprague, Morey & Sprague*, for the petitioner.

*Ellsworth & Potter*, for the Deveaux College.

BARKER, J. :

At the time the petition was filed and served the company had not given written notice to all actual occupants of the land over which the proposed route of the road was located, and which had not been purchased by or given to the company, of the time and place where the map and profile were filed, and that the route designated passes over the land of such occupant, as required by section 22 of the general act, but the proper notice had been served upon the Deveaux College more than fifteen days prior to the institution of these proceedings. By reason of this omission, the petitioner had not located the route of its road in the mode and manner required by the provisions of the said section at the time these proceedings were initiated. This is made a prerequisite to its right to condemn lands for its use against the consent of the owner. The rule is uniform, in the construction of statutes, that every statutory condition precedent to the taking, by any mode, of private property for public use, as

against the will of the owner, shall be strictly complied with. (*Craig* v. *Town of Andes*, 93 N. Y., 405–414; *In re Hoosac Tunnel and W. R. R. Co.*, 79 id., 71.) Any omission to observe the requirement of the statute is fatal to the jurisdiction of the court, in which the proceedings to acquire title to land are instituted. The petition contains the necessary averments as required by the fourteenth section, to wit, that the petitioner has surveyed the proposed route or line and made a map or survey thereof by which said route or line is designated; "and it has located its road according to such survey and filed a certificate of such location signed by a majority of the directors of the company, in the proper clerk's office." The facts stated in the paragraph quoted, the Deveaux College denies and in its answer to the petition puts in issue that allegation.

In this way a question of fact was put in issue which must be determined in the petitioner's favor on competent evidence, before the land in question can be condemned to its use as the route of its road. On the hearing it was established that the company had failed to serve written notice on all the actual occupants of land over which the proposed route was located, which had not been purchased by or given to the company, of the time and place where the map or profile of the proposed road had been filed, and that the line of the road passes over the land of such occupant. The Deveaux College, the only land owner before the court on this appeal, was served with the requisite notice more than fifteen days prior to the instituting of these proceedings. Upon these undisputed facts, the only legal proposition which I propose to consider at this time is, whether it is made a condition precedent to the right of a railroad company, to institute proceedings to condemn land of which it cannot acquire title by purchase, to give notice of the proposed location of its route to all actual occupants from whom the company has not acquired title? I think it is, and that such a construction has been placed on the statute in several adjudicated cases, which this court should regard as authority.

In the cases referred to, and which will be hereafter cited, it has been held that but one commissioner can be appointed in any county in which the road is to be constructed, in whole or in part, for the purpose of definitely locating the route as provided in section 22 of the general act. It is plain, beyond all fair contention, that, by the

terms of this section, the company must do two things in order
to secure a legal and definite location of its road :

*First.* It must make a map and profile of the road intended to
be adopted, certified to as mentioned, and file in the proper clerk's
office.   These preliminary steps are wholly *ex parte*, and may be
taken by the company whenever its interests or convenience may
dictate.   In this respect and up to this point, the statute exacts a cer-
tain degree of accurateness and completeness, so that from " the mae
and profile," when inspected by the parties over whose land the
proposed route is located, they can determine and locate with cer-
tainty the precise parcel of land intended to be taken by the
company for the purpose of locating its route thereon.

*Second.* The company must give written notice to all actual
occupants of the land over which the route of its road is so desig-
nated, and which has not been purchased by or given to the com-
pany, of the time and place such map and profile were filed, and
that the route designated thereby passes over the land of the
occupant.   This notice is to be served subsequent to the making
of the survey, etc., and is based upon such proceedings.   Until this
last act is done there can be no location of the route, within the
sense and meaning of the statute.   The law contemplates that those
whose property rights are to be affected by the location shall have
notice, and may be heard before the proper tribunal prior to the
time the location is established.   All persons interested are to be
made parties to the proceedings, and may be brought in by service
of the notice ; and until that is done the proceedings to locate the
road cannot be determined.   The particular location of the route
of the proposed road is not left to the discretion of the corporation.
In *The Matter of The Long Island Railroad Company* (45 N. Y.,
364), the court, in a learned opinion, in which the provisions of the
general act were carefully analyzed, and the object and purpose of
its provisions, relative to proceedings for locating the line of pro-
posed roads, were considered and a construction as to their meaning
placed thereon, it was remarked by the court that : " The location
of the route is, in its nature, a proceeding preliminary to the acqui-
sition of land therefor by appraisal and condemnation ; and the
statute regulation must be complied with before the route can be
located.   The filing of the profile and map required by that section

is not the location of the route, but the proposal of one, which may or may not become the actual route, as shall be determined by the subsequent proceedings."

The views of the court, thus expressed, were not *obiter*, but were germain to the precise question ruled upon. It was also held in that case that commissioners to locate the route might be appointed on the application of any one of several landholders interested in the location; and that they could not be legally appointed until all the necessary parties had been served with a written notice of the proposed location; and that the officer to whom the application is made cannot act and appoint commissioners unless all persons entitled to notice have been served, as it was the intention of the legislature that the commissioners, when appointed, should have jurisdiction of the entire subject of the location of the route through the county in which the land of the person applying for the appointment is situated. The correctness of this exposition of the statute has not been questioned in any subsequent case where it has been considered; and I find that it has often been referred to with approval.

There is nothing in the statute which restricts the power of the commissioners over the proposed route to that part of it which lies within the bounds of the land of the party procuring their appointment. (*The People ex rel. Erie and G. V. R. R. Co.* v. *Tubbs et al.*, 49 N. Y., 356.) In that case the court remarked: "When, upon the application of a person aggrieved by the proposed location, commissioners are appointed, they are required by the statute to examine and affirm, or alter, not that part of the line which runs through the premises of the objector, which may be very limited in extent, but the proposed route." * * * "The whole alteration should be made by the commissioners, and their judgment should be exercised in respect to every part of it. We think that the statute contemplates but one board of commissioners in each county, and that all alterations to be made in the proposed route in such county should be made by that board."

These cases determine the legal question under consideration against the views and contentions of the petitioner. The route of its proposed road is not yet definitely located. It is true that the college has neglected its opportunity to apply for the appointment

of commissioners, but if it had applied, within the time allowed by the statute, none could have been appointed for the reason that notice had not been served upon other actual occupants entitled to be heard·on the appointment of commissioners.   When those parties are served they will have the right to apply for a change of the route, and on the hearing before the commissioners, the college, with all the other interested parties, will be entitled to be heard. The statute contemplates that the company shall, in every instance, make a fair and reasonable effort to acquire title to the land neces- sary to its use, with the owner thereof, by negotiations carried on for that purpose, before a resort can be had to the statutory methods for condemning and appraising the same.   Such negotiations can- not be prudently and intelligently conducted until the land owners as well as the company are concluded as to the location.   The loca- tion of the road over the college grounds may yet be altered on the application of parties not yet served with notice of the proposed location.   The land owner may properly decline to put a price upon the lands designated by the proposed route, for the reason that he cannot determine the damages he will suffer until it is definitely settled where the route will pass over his land.   So long as there is any- uncertainty as to the ultimate location, the land owner must be in doubt as to the nature and extent of his damages and the com- pany have an advantage over the owner in conducting negotiations for a purchase.   It would be manifestly in contravention of the intent of the statute for a railroad company, as soon as it has sur- veyed its proposed route through a county and filed a map and profile thereof, and before it has acquired title to any of the many parcels of land crossed by the proposed line, to serve a written notice of location on some one of the land owners, and if he should fail to apply for the appointment of commissioners within the time limited by the statute, to institute proceedings for condemnation and appraisal on its failure to acquire title by purchase of the person so served.   Yet if the petitioner can uphold the proceedings now under review, just that course may be adopted, for in principle there is no difference between the case supposed and the one before us.

The question as to what constitutes an authorized location was up and considered *In the Matter of the New York and Boston Rail- road Company* (12 Abb. [N. S.], 21 ; S. C., 62 Barb., 85).   Many

of the views as there expressed by Mr. Justice GILBERT are in harmony with the position of the counsel for the college and are referred to in support of the views of this court on the same subject. (See, also, the case of the *People ex rel. Niagara Bridge and C. R. R. Co.* v. *The Lockport and B. R. R. Co.*, 13 Hun, 211.)

So much of the order as is appealed from by the petitioner is affirmed, and so much of the same as is appealed from by the college is reversed, with ten dollars costs and disbursements to the college.

SMITH, P. J., and BRADLEY, J., concurred; LEWIS, J., not voting.

That portion of the order from which the petitioner appeals affirmed, and that portion from which the college appeals reversed, with ten dollars costs and disbursements of this appeal.